43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mustafa ANSARI, Plaintiff-Appellant,
v.
Charles PLUMMER, Defendant-Appellee.
 No. 94-15759.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mustafa Ansari, a California state prisoner, appeals pro se the district court's (1) summary judgment in favor of Sheriff Charles Plummer in Ansari's 42 U.S.C. Sec. 1983 action seeking an injunction requiring Santa Rita Jail to provide prisoners with a constitutionally adequate prison law library, and (2) denial of his motion for leave to file an amended complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand the district court's summary judgment order, and affirm the district court's denial of Ansari's motion for leave to file an amended complaint.
 
 
 3
 * Summary Judgment
 
 
 4
 In his complaint, Ansari alleged that the Santa Rita Jail prison law library is constitutionally inadequate because it does not contain any volumes of the Federal Reporter or the Federal Supplement. The district court granted summary judgment in favor of the defendant, finding that although the library's book inventory may be deficient, it is not constitutionally inadequate because the prison has in place a "paging system" by which prisoners can request copies of specific federal cases delivered to them from the Alameda County Law library.
 
 
 5
 "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). We have held that a paging system that replaces a prisoner's access to the prison law library fails to provide the prisoner with a "meaningful chance [sic] to explore the legal remedies that he might have" and therefore is constitutionally inadequate. Toussaint v. McCarthy, 801 F.2d 1080, 1109-1110 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987); see Doty v. County of Lassen, 37 F.3d 540, 545 (9th Cir.1994); Green v. Ferrell, 801 F.2d 765, 772 (5th Cir.1986) (paging system by which inmates are given access to the Federal Supplement, the Federal Reporter and the Supreme Court Reporter was inadequate because it fails to allow inmates to reference and cross-reference).
 
 
 6
 Although Ansari is apparently provided with physical access to the law library, he must use the prison's paging system in order to obtain access to any federal circuit case law. Because such a paging system fails to provide Ansari with a meaningful chance to explore the legal remedies he might have, see Toussaint, 801 F.2d at 1109-1110, the library fails to meet the minimum standards set forth in Bounds, see id. Additionally, because there is nothing in the record to indicate that the Santa Rita Jail provides inmates with "direct legal assistance," we conclude that the library fails to provide Ansari with adequate access to the courts. See Bounds, 430 U.S. at 828. We therefore vacate and remand the district court's summary judgment on this issue.[1]
 
 II
 Amended Complaint
 
 7
 Ansari contends the district court erred by not granting him leave to file an amended complaint. This contention lacks merit.
 
 
 8
 We review for abuse of discretion the district court's decision to deny leave to amend after a responsive pleading has been filed. Schlacter-Jones v. General Tel., 936 F.2d 435, 439 (9th Cir.1991). While leave to amend should be given freely when justice requires, see Fed.R.Civ.P. 15(a), the futility of claims and a pending summary judgment motion weigh heavily against allowing leave to amend. See id.
 
 
 9
 Here, Ansari served his request for leave to amend after the defendants had filed their motion for summary judgment. The amended complaint added two identified defendants, twenty unidentified Doe defendants, and new causes of action involving Santa Rita's restrictions on inmate mailing privileges and telephone use, as well as allegations that prison officials confiscated Ansari's personal property and failed to prevent an assault on Ansari by another inmate.
 
 
 10
 Given that Ansari sought to add additional defendants and new causes of action after the defendants filed their motion for summary judgment, we find no abuse of discretion in the district court's denial of his motion for leave to amend. See Schlacter-Jones, 936 F.2d at 439.
 
 
 11
 VACATED and REMANDED in part, AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Ansari's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On remand, the district court should consider consolidating this case with Hayes v. United States, No. CV 93-2609, currently pending before Judge Thelton E. Henderson in the Northern District